_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00187-FWS-KES                                        Date: February 3, 2025
Title: Dennis Cooper v. Nikforos Valaskantjis *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION**

     The court is in receipt of the Complaint filed in this action, which asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, California Health and Safety Code § 19955 *et seq.*, and for negligence. (Dkt. 1.) The court possesses only supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

     The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Given relevant authority on the court's exercise of supplemental jurisdiction, including but not limited to Ninth Circuit's decisions in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the court **ORDERS** Plaintiff to show cause in writing why this court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint on or before **February 10, 2025, at 5:00 p.m.**

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:25-cv-00187-FWS-KES | Date: February 3, 2025 |
| Title: Dennis Cooper v. Nikforos Valaskantjis *et al.* | |

Failure to adequately comply with the court's order may result in dismissal of this action with prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

**IT IS SO ORDERED.**

___